On the trial the only witness who directly proved the assault was one Mary Rittenhouse, whose general moral character was seriously impeached; but there was no evidence of her character for truth when upon oath. Mr. Holmes, a (509) gentleman of the bar, was called to impeach her, which was effected by his proving a material variance between her evidence on the trial of this indictment and that given upon a former trial of the prisoner for the same offense. S. v. Jim,ante, 142.
His Honor, Judge Norwood, instructed the jury that a general character such as had been given of the witness Rittenhouse "was a circumstance against her credibility, and should be taken into consideration by them, and might, if accompanied by other circumstances against her credit, be thought by them sufficient to induce them to disregard her testimony; but that such general character was not entitled to as much weight as a general character bad in respect to truth when speaking on oath; and on either case, as their duty was to ascertain the truth, they might, exercising a sound discretion, reject part of a witness's testimony which they did not believe and act on such part as they did believe."
The prisoner being convicted, motions were made, on several grounds, for a new trial and in arrest of judgment; which being overruled, and judgment of death awarded, the prisoner appealed.
I understand the judge as distinctly informing the jury when discussing the want of credit in a witness arising from corruption or immorality, that although they should discredit a witness in part, because that in such part they thought the witness both false and corrupt, yet they were at liberty, if they thought proper, to believe him in other parts of his testimony. I have always understood the law to be otherwise; for although it is true that if the jury should ascertain that a witness is incorrect in his testimony as to one or more facts, yet if he is not corruptly so, but is merely mistaken in judgment, or by reason of a failure in memory, the witness is not discredited further than would arise from the want of reliance on the correctness of his conception or from a distrust in his powers of memory; and if the jury think proper they may believe him as to other parts of his testimony. But when once *Page 344 
they are satisfied of the witness's corruption, they are bound, in obedience to the law, to disregard all that he swore to. For the law does not act upon a jury's bare belief, their bare opinion of the fact; their belief must be founded on that which is regarded in law as testimony. Hence the jury are not permitted to hear a witness who is not sworn, although they might possibly believe him. So also they might believe persons convicted of an infamous crime — perjury, for instance; but such persons are not allowed to be heard before a jury. I can see no difference in principle, and if so, there should be none in practice, between a person heretofore convicted and one who stands convicted before a jury, in the case they are trying. Hence the maxim, falsum in uno, falsum in omnibus. Were it otherwise, the law would be untrue to itself. It is not every conjecture which floats in a juror's mind that should guide him in the formation of his verdict. His will is not the law. He (511) is bound to pronounce his solemn convictions after weighing the evidence, and if he cannot arrive at this state of mind he should find against that party who holds the affirmative, that is, against him whose duty it is to produce satisfactory evidence to a jury. Nothing is more difficult than to prescribe rules of faith; perhaps every man has one peculiar to himself. But in some cases the law has prescribed the rule, and I think this is one of them; and it is the duty of the jury to yield to the law, and not to set themselves above it. Whether any of the witnesses were placed in the situation above mentioned before the jury I have not the right to say; it belonged exclusively to them. But they should be satisfied that such was the fact before they acted under it. There should be such evidence of falsehood and corruption that they, as jurors, would convict the witness were he on trial before them; if they doubt upon the subject, the law does not forbid them to believe the witness. As the jury may have been misled by the charge, I think that there should be a new trial.